**E.I. DU PONT DE NEMOURS AND COMPANY, Plaintiff Below, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, et al., Defendants Below, Appellees.**

No. 15, 1996.

Supreme Court of Delaware.

Submitted: Oct. 15, 1996.

Decided: Jan. 3, 1997.

See also, 686 A.2d 152.

Charles S. Crompton, Jr. and Richard L. Horwitz, Potter, Anderson & Corroon, Wilmington; Richard Allen Paul and Erin Kelly, E.I. du Pont de Nemours and Company, Wilmington; of counsel: Peter J. Kalis, Michael J. Lynch (argued), and Carolyn M. Branthoover, Kirkpatrick & Lockhart, LLP, Pittsburgh, PA, for Appellant.

Judith Nichols Renzulli, Duane, Morris & Heckscher, Wilmington; of counsel: Bert W. Rein (argued), Richard L. McConnell and Elizabeth A. Eastwood, Wiley, Rein & Fielding, Washington, DC; and Robert F. Cusumano, Simpson, Thacher & Bartlett, New York City, for Appellee The Travelers Indemnity Company.

Laurence V. Cronin, Smith, Katzenstein & Furlow, Wilmington; of counsel: Stefano Calogero and Gregg S. Sodini (argued), Cuyler Burk, Parsippany, NJ, for Appellee Allstate Insurance Company.

Henry E. Gallagher, Jr., Connolly, Bove, Lodge & Hutz, Wilmington; of counsel: Susan Keyack and Ralph J. Luongo, Christie, Pabarue, Mortensen & Young, Philadelphia, PA, for Appellees Commercial Union Insurance Company and The Employers Liability Assurance Corporation, Ltd.

Richard K. Herrmann and Mary B. Matterer, Stradley, Ronon, Stevens & Young, Wilmington, for Appellees European General Reinsurance Company, Gerling Konzern Allegemaine Versicherungs Acktiengesellschaft, Swiss Reinsurance Company, Ltd., and National Casualty Company.

Francis J. Murphy, Murphy, Welch & Spadaro, Wilmington, for Appellees Argonaut–Northwest Insurance Company and Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies.

Norman M. Monhait and Carmella P. Keener, Rosenthal, Monhait, Gross & Goddess, Wilmington, for Appellees The Home Insurance Company.

C. Scott Reese, Cooch and Taylor, Wilmington, for Amicus Curiae Insurance Environmental Litigation Association.

Before VEASEY, C.J., WALSH, HOLLAND, and BERGER, JJ., and HORSEY, J., Retired,* constituting the Court en Banc.

PER CURIAM.

This is an interlocutory appeal in a coverage dispute between E.I. du Pont de Nemours & Co. and several insurance companies over the extent of the insurers' liability for certain environmental claims. In response to cross motions for partial summary judgment, the Superior Court held that (i) since the contamination at issue was part of a continuous damage process, all insurance policies in effect during that process are triggered; and (ii) each insurer, including du Pont for the period of time that it was self-insured, is liable in proportion to the amount of time it insured the risk. Du Pont appealed from the trial court's "scope" ruling, arguing that the insurers should be held jointly and severally liable for the full amount of all environmental claims.

By Order dated January 26, 1996, this Court accepted du Pont's petition for an interlocutory appeal. The trial court had determined a substantial issue and established a legal right by holding that liability would be apportioned among the insurance companies and by including du Pont in the apportionment. In addition, we concluded that resolution of the interlocutory appeal would serve considerations of justice and judicial economy. After carefully considering the parties' arguments on appeal and the current posture of the case, however, we find it prudent to reevaluate our decision granting interlocutory review.

In *Rhone–Poulenc Basic Chemicals Co. v. American Motorists Insurance Co.*, Del. Supr., 616 A.2d 1192, 1193 n. 1 (1992), this Court recognized that interlocutory appeals "can serve a beneficial purpose in the administration of justice ... if an important threshold question can be resolved, and the resolution of the question will save substan-

tial time and expense." At the same time, the Court warned that interlocutory appeals interrupt the progress of litigation and are counter-productive if they delay the final resolution of the case. *Ibid.* The decision to grant interlocutory review is discretionary and highly case-specific. The goal, in all events, is to facilitate the orderly disposition of claims without inadvertently promoting a piecemeal approach to litigation.

When we granted du Pont's application for interlocutory review, we believed that the parties might be able to resolve their long-pending and expensive litigation if the allocation issue were finally decided. Following oral argument, however, the parties confirmed that there is a potentially dispositive factual issue in dispute—whether du Pont was aware that it was causing environmental property damage at the time it purchased the insurance policies in question. Du Pont acknowledges that it will not be entitled to insurance coverage if it purchased the policies with knowledge that it was polluting the environment. In light of this factual dispute, we now find it unlikely that interlocutory review will advance the early termination of this litigation.

We also find that interlocutory review is inappropriate in light of the legal issue presented. The Superior Court's decision rested significantly on its analysis of this Court's recent decision in *Monsanto v. C.E. Heath Compensation and Liability Insurance Co.*, Del.Supr., 652 A.2d 30 (1994). In that case we held that insurance policies containing insuring language similar to the language at issue here could not be allocated on a strict *pro rata* basis. *Monsanto* was decided under Missouri law and the Superior Court noted that distinction in its determination that *Monsanto* was not controlling.

If we were to review the Superior Court's decision, we would be required to apply, distinguish or reconsider *Monsanto*. While we have no reluctance to undertake that task, we will do so only if necessary to finally resolve the parties' claims. Since the outstanding factual issues may be dispositive, we conclude that it would be premature to re-

---

* Sitting by designation pursuant to Del. Const. art. IV, §§ 12, 38.

view the Superior Court's legal determinations at present. Accordingly, we hereby DISMISS the interlocutory appeal as improvidently granted and REMAND this matter to the Superior Court. Jurisdiction is not retained.