# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE LISOWSKI,                      )
as Next Friend of BRANDON            )
RODRIGUEZ, JEREMIAH                  )
RODRIGUEZ, NICHOLAS                  )
O'BRIEN, minors, and JUAN            )
RODRIGUEZ, in his capacity as        )        C.A. No. N15C-04-228 ALR
Personal Representative of the       )
Estate of Alexis Rodriguez,          )
                                     )
        Plaintiffs,                  )
                                     )
        v.                           )
                                     )
BAYHEALTH MEDICAL CENTER,            )
INC., d/b/a KENT GENERAL             )
HOSPITAL,                            )
                                     )
        Defendant.                   )

Submitted: December 20, 2016
Decided: December 29, 2016

## ORDER

### *Upon Bayhealth's Application for Certification of Interlocutory Appeal*
### DENIED

This is a medical negligence action arising from the death of Alexis Rodriguez. Prior to trial, the Court issued several legal rulings, including Orders that resolved certain claims. Plaintiffs' remaining claims were tried before a jury from September 12 through September 20, 2016.

After expressing confusion regarding the proximate cause instruction, the jury found that Defendant Bayhealth Medical Center, Inc., d/b/a Kent General

Hospital ("Bayhealth"), had committed medical negligence in its care and treatment of Alexis Rodriguez, but that the negligence did not proximately cause Alexis Rodriguez's death. By Order dated November 30, 2016, the Court granted Plaintiffs' Motion for New Trial ("Order Granting New Trial").[1] Bayhealth filed a timely Application for Certification of Interlocutory Appeal of the Order Granting New Trial ("Application"). Plaintiff opposes Bayhealth's Application.

Upon consideration of the facts, arguments, and legal authorities set forth by the parties; decisional law; the Superior Court Rules of Civil Procedure; the Rules of the Delaware Supreme Court; and the entire record in this case, the Court hereby finds as follows:

1. Alexis Rodriguez died on April 25, 2013 at Kent General Hospital shortly after having surgery. He was 34 years old.

2. On April 23, 2015, Plaintiffs filed a lawsuit alleging medical negligence against Bayhealth. A survival claim was asserted on behalf of the estate by Juan Rodriguez, the father of Alexis Rodriguez and the personal representative of Alexis Rodriguez's estate. A wrongful death claim was asserted by Nicole Lisowski in her individual capacity and as the biological mother of minors Brandon Rodriguez, Jeremiah Rodriguez, and Nicholas O'Brien, seeking

---

[1] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 6995365 (Del. Super. Nov. 30, 2016).

damages pursuant to Delaware's Wrongful Death Statute[2] for mental anguish and emotional distress arising from Alexis Rodriguez's death.

3.   Ms. Lisowski and Alexis Rodriguez were never lawfully married in the State of Delaware or elsewhere and had not resided in a state that recognized common law marriage. Nevertheless, Ms. Lisowski and Alexis Rodriguez lived as a family with their children, owned a home together, and were in an exclusive relationship for approximately thirteen years prior to the death of Alexis Rodriguez. In addition, Ms. Lisowski was Alexis Rodriguez's primary caregiver.

4.   Brandon Rodriguez and Jeremiah Rodriguez are the biological children of Ms. Lisowski and Alexis Rodriguez.

5.   Nicholas O'Brien is the biological child of Ms. Lisowski. Alexis Rodriguez is not Nicholas' biological father and did not formally adopt Nicholas. Ms. Lisowski shares legal custody of Nicholas with Nicholas' biological father. Prior to approximately 2011, Nicholas lived with Ms. Lisowski and Alexis Rodriguez during the week and with his biological father during weekends and holidays. During this arrangement, Nicholas' biological father paid Ms. Lisowski child support for Nicholas. After approximately 2011, at or about the time that he started middle school, Nicholas lived with his biological father during the week and with Ms. Lisowski and Alexis Rodriguez on the weekends, holidays, and

---

[2] 10 *Del. C.* § 3721 *et. seq.*

3

during summer vacation. This was the custody arrangement between Ms. Lisowski and Nicholas' biological father at the time of Alexis Rodriguez's death.

6.  Prior to trial, the Court resolved several issues that are subject to appellate review upon entry of a final judgment. By Memorandum Opinion dated May 11, 2016, the Court partially granted Bayhealth's motion to dismiss.[3] Specifically, with respect to two of the Plaintiffs' claims under the Wrongful Death Statute, the Court dismissed Ms. Lisowski's individual claim on the grounds that Ms. Lisowski was not a "spouse" under the statute's explicit language and ruled that it was a question for the jury whether Alexis Rodriguez stood *in loco parentis* to Nicholas.[4] By Order dated August 26, 2016, the Court ruled upon various pre-trial motions and objections, including numerous motions *in limine*, as well as Bayhealth's motions for summary judgment which were denied on the issues of pre-surgical and post-surgical care.[5] By Order dated September 7, 2016, the Court denied Bayhealth's motion *in limine* to exclude the testimony of Plaintiffs' economic expert for lack of underlying medical support.[6] On September 14, 2016,

---

[3] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 142 A.3d 518 (Del. Super. 2016).
[4] *Id.* at 524.
[5] *Lisowski v. Bayhealth Med. Ctr., Inc.*, C.A. No. N15C-04-228 ALR (Del. Super. Aug. 26, 2016) at 2–3.
[6] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 4923053 (Del. Super. Sept. 7, 2016).

upon the conclusion of Plaintiffs' case-in-chief, the Court denied Bayhealth's motion for judgment as a matter of law.[7]

7. The parties submitted joint proposed jury instructions as part of pre-trial proceedings. The parties agreed to include the following language in the proximate cause jury instruction:

> A party's negligence, by itself, is not enough to impose legal responsibility on that party.  Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.
> Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

8. Bayhealth proposed to add the following sentence to the proximate cause instruction:

> An action is not the proximate cause of an event or condition if that event or condition would have resulted without the negligence.

(Bayhealth's proposed addition to the proximate cause instruction is referenced hereinafter as "Bayhealth's Proposed Additional Sentence.")  Plaintiffs objected to the inclusion of Bayhealth's Proposed Additional Sentence.

9. A pre-trial conference was held during which Plaintiffs renewed their objection to Bayhealth's Proposed Additional Sentence on the grounds that Bayhealth's Proposed Additional Sentence was not a correct statement of law.  In

---

[7] *See Lisowski v. Bayhealth Med. Ctr., Inc.*, C.A. No. N15C-04-228 ALR (Del. Super. Sept. 14, 2016) (TRANSCRIPT).

5

response to Plaintiffs' objection, Bayhealth represented that Bayhealth's Proposed Additional Sentence was included in the Superior Court's Civil Pattern Jury Instructions. Bayhealth also argued that the evidence presented at trial would make the instruction appropriate. Upon consideration of the parties' arguments and with heavy reliance on Bayhealth's representations, the Court overruled Plaintiffs' objection and Bayhealth's Proposed Additional Sentence was included in the charge read to the jury.

10. During deliberations the jury submitted a note expressing confusion regarding the proximate cause instruction. Specifically, the jury asked whether the Court could "specify or expand" on Bayhealth's Proposed Additional Sentence.[8] In response to the note and with the agreement of counsel, the Court explained to the jury that the Court was unable to expand on or provide further explanation for the proximate cause instruction. The Court re-read the instruction as written, including Bayhealth's Proposed Additional Sentence. Shortly thereafter, the jury returned a verdict finding that Bayhealth had committed medical negligence, but that the negligence did not proximately cause the death of Alexis Rodriguez.

11. Plaintiffs filed a timely motion for new trial on the grounds that Bayhealth's Proposed Additional Sentence undermined the jury's ability to intelligently fulfill its duty to render a verdict. Bayhealth opposed Plaintiffs'

---

[8] Court's Exhibit #3, Jury's Note, *Lisowski v. Bayhealth Med. Ctr., Inc.*, N15C-04-228 ALR (Del. Super. Sept. 20, 2016).

motion for new trial on the grounds that (1) Plaintiffs waived their objection to Bayhealth's Proposed Additional Sentence by failing to satisfy the procedural requirements of Superior Court Civil Rule 51;[9] and (2) Bayhealth's Proposed Additional Sentence was not misleading or confusing when considered in context.

12.    In its Order Granting New Trial, the Court found that (1) Plaintiffs had preserved their objection and (2) Plaintiffs were entitled to a new trial because Bayhealth's Proposed Additional Sentence undermined the jury's ability to intelligently fulfill its duty to render a verdict.[10]  It is undisputed that the Court's Order Granting New Trial constitutes an interlocutory order.[11]

13.    On December 12, 2016, Bayhealth filed its Application, and proposes to limit its interlocutory appeal to this Court's determination that Plaintiffs' objection to Bayhealth's Proposed Additional Sentence was preserved.[12]

---

[9] Super. Ct. Civ. R. 51 provides that "[n]o party may assign as error the giving or failing to give an instruction unless a party objects thereto before or at the time set by the Court immediately after the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party's objection."

[10] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 6995365, at *2–3 (Del. Super. Nov. 30, 2016).

[11] *Chilson v. Allstate Ins. Co.*, 979 A.2d 1078, 1083 (Del. 2009); *Miller v. Suburban Propane Gas Corp.*, 565 A.2d 913, 914 (Del. 1989).

[12] Bayhealth does not seem to seek interlocutory review of the Court's determination that Bayhealth's Proposed Additional Sentence was confusing or misleading. In addition, Bayhealth does not seek interlocutory review of the Court's pre-trial rulings.

14.     Supreme Court Rule 42 ("Rule 42") governs the certification of interlocutory appeals. Rule 42 states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[13] Rule 42 also provides that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[14] Furthermore, "[t]he decision to grant interlocutory review is discretionary and highly case-specific."[15]

15.     Rule 42(b)(iii) requires consideration of several factors, as follows:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review

---

[13] Supr. Ct. R. 42(b)(i).
[14] Supr. Ct. R. 42(b)(ii).
[15] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 686 A.2d 1015, 1016 (Del. 1997).

8

of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.[16]

Additionally, the Court is to consider the most efficient and just schedule to resolve the case, and whether and why the likely benefits of interlocutory review outweigh the probable costs such that interlocutory review is in the interest of justice.[17] If the balance of the Court's analysis is uncertain, the Court should refuse to certify the interlocutory appeal.[18]

16. First and foremost, a successful interlocutory appeal of the Order Granting New Trial would not terminate the litigation.[19] There are several pre-trial decisions subject to appeal upon entry of a final order.[20] Fragmented litigation is disfavored under Delaware law,[21] and certification in this case does not support the

---

[16] Supr. Ct. R. 42(b)(iii)(A–H).
[17] Supr. Ct. R. 42(b)(iii).
[18] *Id.*
[19] Supr. Ct. R. 42(b)(iii)(G).
[20] *See supra* ¶ 4. Bayhealth incorrectly asserts that appellate review of the Order Granting New Trial would terminate this litigation.
[21] *See, e.g.*, *Thompson v. Thompson*, 2004 WL 2297396, at *1 (Del. Oct. 5, 2004) (recognizing the Delaware Supreme Court's strong policy against accepting piecemeal appeals from a single proceeding in a trial court); *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 686 A.2d at 1016 ("The goal [of interlocutory review], in all events, is to facilitate the orderly disposition of claims without

"strong public policy that piecemeal appeals should not be presented to the Delaware Supreme Court."[22] Interlocutory review at this stage of the litigation would be an inefficient use of appellate resources.

17. Moreover, while "[i]nterlocutory appeals always carry the potential of allowing the judicial process to work more effectively and efficiently,"[23] that potential is outweighed here by balancing all considerations. Although the Court acknowledges that Rule 42(b)(iii)(E) favors certification because the Order Granting New Trial set aside the prior decision of a jury, certification is strongly disfavored when all other factors are considered. The Order Granting New Trial does not resolve a question of Delaware law for the first time[24] or raise a legal issue upon which the trial courts are conflicted.[25] The Order Granting New Trial does not sustain the controverted jurisdiction of the trial court[26] or vacate all of the

---

inadvertently promoting a piecemeal approach to litigation."); *Castaldo v. Pittsburgh-Des Moines Steel Co.*, 301 A.2d 87, 87–88 (Del. 1973) (holding that avoiding fragmented litigation is necessary to the efficient operation of the judicial system); *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 795 (Del. 1958) ("The purpose of not permitting appeals except in such cases [of a final judgment] is to prevent piecemeal litigation and to eliminate delays which might be occasioned by so many interlocutory or interim appeals.").

[22] *In re Explorer Pipeline Co.*, 2001 WL 1009302, at *2 (Del. Ch. Aug. 29, 2001).
[23] *Capella Holdings, Inc. v. Anderson*, 201 WL 4722710, at *1 (Del. Ch. Aug. 4, 2015).
[24] Supr. Ct. R. 42(b)(iii)(A).
[25] Supr. Ct. R. 42(b)(iii)(B).
[26] Supr. Ct. R. 42(b)(iii)(D).

trial court's previous judgments.[27] Finally, the Order Granting New Trial does not raise a question of law relating to the constitutionality, construction, or application of a statute which has not been, but should be, settled by the Delaware Supreme Court.[28]

18.    Additionally, this Court does not find that the likely benefits of interlocutory review of the Order Granting New Trial outweigh the probable costs; accordingly, interlocutory review is not in the interest of justice.[29] The fact that Bayhealth "has created the very predicament it now finds itself in"[30] militates against certification of the Order Granting New Trial in the interest of justice. Contrary to Bayhealth's representations during the pre-trial conference, Bayhealth's Proposed Additional Sentence is not contained in the Superior Court's Civil Pattern Jury Instructions and Bayhealth has not relied upon any decisional law as support for the inclusion of this sentence.    Plaintiffs are correct that Bayhealth, not Plaintiffs, are responsible for the language that rendered the proximate cause instruction misleading under common standards of verbal communication.

19.    Even if the Court's 42(b)(iii) analysis favored certification of the Order Granting New Trial for interlocutory appeal, the Court finds that

---

[27] Supr. Ct. R. 42(b)(iii)(F).
[28] Supr. Ct. R. 42(b)(iii)(C).
[29] Supr. Ct. R. 42(b)(iii).
[30] *Rich v. Fuqi Intern., Inc.*, 2012 WL 5392162, at *6 (Del. Ch. Nov. 5, 2012).

11

Bayhealth's proposed interlocutory appeal does not involve a substantial issue of material importance that warrants appellate review before final judgment.[31] A "substantial issue" under Rule 42 involves a main question of law and relates to the merits of the case, not to collateral matters.[32] Bayhealth seeks appellate review on the limited procedural basis of whether Plaintiffs properly preserved their objection to Bayhealth's Proposed Additional Sentence. However, the preservation of Plaintiffs objection does not relate to the merits of Plaintiffs' medical negligence claim.[33] Restoration of the jury's verdict through interlocutory review of a procedural issue is contrary to the strong policy in favor of deciding cases on the merits as opposed to technical grounds.[34] Moreover, even if Bayhealth's Application extended to the substantive issue of the Order Granting New Trial, *i.e.* whether Bayhealth's Proposed Additional Sentence rendered the proximate cause instruction misleading or erroneous, interlocutory review would be inappropriate.

---

[31] Supr. Ct. R. 42(b)(i).

[32] *Almah LLC v. Lexington Ins. Co.*, 2016 WL 3521880, at *2 (Del. Super. June 20, 2016); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008).

[33] *See In re Asbestos Litig.*, 2015 WL 5692811, at *3 (Del. Super. Sept. 24, 2015) (refusing certification of an interlocutory appeal, in part, because the ruling appealed from had no impact on the merits of Plaintiff's personal injury claim); *Lawson v. State Dep't of Transp.*, 2014 WL 3530835, at *1 (Del. Super. July 14, 2014) (refusing certification of an interlocutory appeal, in part, because the order appealed from determined a procedural issue and had no impact on the substantive merits of the case); *MICH II Holdings LLC v. Schron*, 2012 WL 3224351, at *6 (Del. Ch. Aug. 7, 2012) (holding that the substantive merits of the parties' underlying claims is the central focus of the Rule 42 analysis).

[34] *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).

The Order Granting New Trial does not raise a substantial issue worthy of certification for interlocutory review prior to final judgment.

20. Upon consideration of the criteria set forth under Rule 42,[35] this Court does not find exceptional circumstances that warrant interlocutory review.[36] Appellate review of the Order Granting New Trial, even if successful, would not terminate the litigation. Moreover, the likely benefits of interlocutory review of the Order Granting New Trial do not outweigh the probable costs such that interlocutory review is in the interest of justice. Finally, Bayhealth does not appeal from a substantial issue of material importance that warrants appellate review before final judgment. Accordingly, the exercise of this Court's sound discretion leads to the conclusion that certification of Bayhealth's Application should be, and hereby is, refused.

**NOW, THEREFORE, this 29th day of December, 2016, Bayhealth's Application for Certification of Interlocutory Appeal is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli

---

[35] Supr. Ct. R. 42(b)(iii).

[36] Supr. Ct. R. 42(b)(ii). *See also Harrison v. Div. of Youth & Family Servs.*, 2003 WL 22669344, at *1 (Del. Nov. 10, 2003) ("Application for interlocutory review are addressed to the sound discretion of this Court and are granted only in extraordinary cases.").