# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE BANK OF NEW YORK MELLON   )
F/K/A THE BANK OF NEW YORK, AS   )
TRUSTEE (CWABs 2006-SD2)   )
      Plaintiff,   )
  )
    v.   )     C.A. No. N16L-08-119 ALR
  )
JEFFRY S. PEARSON   )
THE UNITED STATES OF AMERICA   )
      Defendant.   )

Submitted: September 13, 2017
Decided: September 20, 2017

***Upon Defendant's Application for Certification of Interlocutory Appeal***
**DENIED**

## ORDER

This is a mortgage foreclosure case involving property located at 806 North Madison Street, Wilmington, Delaware ("Property"). According to the Bank of New York Mellon ("Plaintiff"), Plaintiff is the valid assignee of a Mortgage executed by Defendant Jeffry S. Pearson ("Defendant") on the Property. On August 21, 2016, Plaintiff filed a Complaint against Defendant alleging that Defendant failed to pay monthly installments on the mortgage and seeking the principal sum remaining on the Mortgage in addition to interest, late charges, and legal fees. Plaintiff did not

properly serve process within the 120 days required by Superior Court Civil Rule 4(j) ("Rule 4(j)").[1]

On August 23, 2017, this Court granted Plaintiff's Motion for Enlargement of Time for Service of Complaint ("August 23 Order"), finding that Plaintiff demonstrated good cause under Rule 4(j) to excuse the untimely service. The Court extended the time to serve until January 17, 2017, the date on which service had been accomplished. Defendant filed an Application for Certification of Interlocutory Appeal of the August 23 Order ("Application"). Plaintiff opposes Defendant's Application.

Upon consideration of the facts, arguments, and legal authorities set forth by the parties; decisional law; the Superior Court Rules of Civil Procedure; the Rules of the Delaware Supreme Court; and the entire record in this case, the Court hereby finds as follows:

1. Supreme Court Rule 42 ("Rule 42") governs the certification of interlocutory appeals. Subsection (c) of Rule 42 outlines the procedural process to certify an interlocutory appeal. Pursuant to Rule 42(c)(i), an application for certification of an interlocutory appeal must be filed with the trial court "within 10

---

[1] The 120-day period expired on December 19, 2016 and service of process was not accomplished until January 17, 2017.

2

days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."

2.  Defendant's Application is untimely under Rule 42(c)(i). Defendant seeks to appeal the August 23 Order. Accordingly, Defendant's Application was due, absent good cause, on September 5, 2017.[2] Defendant did not file the Application until September 12, 2017, and did not demonstrate good cause for the delay in filing. Therefore, the Court concludes that Defendant's Application is untimely.

3.  Notwithstanding the issues of timeliness of the appeal, the Court will not certify an interlocutory appeal unless the matter is appropriate for interlocutory review. Rule 42 states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[3] Rule 42 also provides that "[i]nterlocutory appeals should be exceptional, not

---

[2] Rule 42(a) provides that the time periods under Rule 42 should be calculated under Supreme Court Rule 11 ("Rule 11"). Under Rule 11, weekends and holidays are counted when the period of time prescribed is greater than seven days. Therefore, the time period for Defendant to file the Application began to run on August 24, 2017 and expired ten days later, on September 3, 2017. However, under Rule 11, the last day of the time period should not be counted if it is a weekend, and the time should be extended until the next day "on which the Office of the Clerk is open." The Office of the Clerk did not open until September 5, 2017 because of the Labor Day holiday. Therefore, Defendant's time period to file the Application expired on September 5, 2017.

[3] Supr. Ct. R. 42(b)(i).

3

routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[4]  Furthermore, "[t]he decision to grant interlocutory review is discretionary and highly case-specific."[5]

4.       Rule 42(b)(iii) requires consideration of several factors for the Court to consider in determining whether to certify an interlocutory appeal.  These factors are, as follows:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
> (B) The decisions of the trial courts are conflicting upon the question of law;
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
> (G) Review of the interlocutory order may terminate the litigation; or
> (H) Review of the interlocutory order may serve considerations of justice.[6]

---

[4] Supr. Ct. R. 42(b)(ii).

[5] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 686 A.2d 1015, 1016 (Del. 1997).

[6] Supr. Ct. R. 42(b)(iii)(A–H).

Additionally, the Court is to consider the most efficient and just schedule to resolve the case, and whether the likely benefits of interlocutory review outweigh the probable costs such that interlocutory review is in the interest of justice.[7] If the "balance of the Court's analysis is uncertain," the Court should not certify the interlocutory appeal.[8]

5.     The Court notes that two of the factors under Rule 42(b)(iii) may favor certification. First, the August 23 Order did sustain the controverted jurisdiction of the Court by extending the time for service of process, which allows the Court to exercise personal jurisdiction over Defendant.[9] In addition, review of the August 23 Order could terminate the litigation if the Supreme Court were to conclude that this Court may not exercise jurisdiction over Defendant.[10]

6.     However, while the Court acknowledges that Rule 42(b)(iii)(D) and (G) weigh in favor of certification of an interlocutory appeal, the Court finds that the remaining factors under Rule 42(b)(iii) weigh against certification. The August 23 Order did not involve an issue of first impression in this State.[11] In addition, trial courts are not conflicted about the question of law raised in the August 23 Order,[12]

---

[7] Supr. Ct. R. 42(b)(iii).
[8] *Id.*
[9] Supr. Ct. R. 42 (b)(iii)(D).
[10] Supr. Ct. R. 42(b)(iii)(G).
[11] Supr. Ct. R. 42(b)(iii)(A).
[12] Supr. Ct. R. 42(b)(iii)(B).

as the standard for "good cause" under Rule 4(j) is well-settled.[13] The question of law does not relate to the constitutionality, construction, or application of a statute.[14] The August 23 Order did not set aside a prior decision of a trial court, jury, or administrative agency.[15] The August 23 Order did not vacate or open a judgment of the trial court.[16]

7.    Additionally, the Court does not find that the likely benefits of interlocutory review of the August 23 Order outweigh the probable costs. Therefore, the Court concludes that interlocutory review is not in the interest of justice.

8.    Upon consideration of the criteria set forth under Rule 42, this Court finds that Defendant's Application is untimely and that there are no exceptional circumstances to warrant interlocutory review.[17] Accordingly, the Court concludes that Defendant's Application for Certification of Interlocutory Appeal should be denied.

---

[13] *See Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998) (citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)).
[14] Supr. Ct. R. 42(b)(iii)(C).
[15] Supr. Ct. R. 42(b)(iii)(E).
[16] Supr. Ct. R. 42(b)(iii)(F).
[17] Supr. Ct. R. 42(b)(ii). *See also Harrison v. Div. of Youth & Family Servs.*, 2003 WL 22669344, at *1 (Del. Nov. 10, 2003) ("Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in extraordinary cases.").

**NOW, THEREFORE,** this 20th day of September, 2017, Defendant's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**