## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINCOLN BENEFIT LIFE COMPANY )
       Plaintiff, )
    )
v.     )     C.A. No. N17C-08-301 ALR
    )
WILMINGTON TRUST, N.A., AS )
SECURITIES INTERMEDIARY, )
       Defendant. )

Submitted: April 20 and 26, 2018
Decided: April 30, 2018

*Upon Defendant's Application for Certification of Interlocutory Appeal*
**DENIED**

*Upon Plaintiff's Motion for the Issuance of a Commission for Subpoena*
**GRANTED**

## <u>ORDER</u>

This is a declaratory judgment action involving a life insurance policy on the life of Adele Frankel ("Policy") issued by Plaintiff Lincoln Benefit Life Company ("Plaintiff") on October 4, 2007 to the Adele Frankel Irrevocable Life Trust, located in Mississippi. After multiple assignments, Defendant Wilmington Trust, N.A., as securities intermediary ("Defendant") became the owner and beneficiary of the Policy in November 2013. After Frankel allegedly died in August 2016, Defendant made a claim to Plaintiff who responded that it was not able to confirm Frankel's death, and that the Policy may have been fraudulently procured.

On August 23, 2017, Plaintiff filed a declaratory judgment action in this Court seeking a declaration that the Policy is void *ab initio* under Mississippi law ("Delaware Action"). Plaintiff alleges that the Policy was part of a stranger-originated life insurance ("STOLI") scheme, and that STOLI policies are contrary to Mississippi law. In response, Defendant filed a complaint against Plaintiff in the United States District Court for the District of Mississippi alleging breach of contract, bad faith, and fraud in connection with Plaintiff's refusal to honor the terms of the Policy ("Mississippi Action"). On October 20, 2017, Defendant filed a motion to dismiss the Delaware Action in favor of the Mississippi Action on the grounds of *forum non conveniens*.

On December 21, 2017, Defendant filed a motion to stay discovery pending the outcome of the motion to dismiss. Before the Court ruled on Defendant's motion to stay discovery, Plaintiff filed a motion for the issuance of a commission for subpoena ("Motion for Commission"), seeking production of documents from a third-party. On February 8, 2018, the Court granted Defendant's motion to stay discovery pending the outcome of the motion to dismiss, which delayed resolution of Plaintiff's Motion for Commission.

By Opinion and Order dated April 5, 2018 ("April 5 Opinion"), this Court denied Defendant's motion to dismiss, finding that Defendant did not meet the burden required to deprive Plaintiff of its chosen forum. On April 11, 2018, the Court

asked that Defendant respond to Plaintiff's Motion for Commission. In the meantime, on April 13, 2018, Defendant filed an Application for Certification of Interlocutory Appeal of the April 5 Opinion ("Application"). On April 20, 2018, Defendant filed an opposition to Plaintiff's Motion for Commission, arguing that discovery should remain stayed pending the outcome of Defendant's interlocutory appeal, and that Plaintiff's third-party discovery is burdensome.

This is the Court's decision on Defendant's Application and Plaintiff's Motion for Commission.

## A. DEFENDANT'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Supreme Court Rule 42 ("Rule 42") governs the certification of interlocutory appeals. The Court will not certify an interlocutory appeal unless the matter is appropriate for interlocutory review. Rule 42 states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[1] Rule 42 also provides that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial

---

[1] Supr. Ct. R. 42(b)(i).

resources."[2] Furthermore, "[t]he decision to grant interlocutory review is discretionary and highly case-specific."[3]

Rule 42(b)(iii) requires consideration of several factors for the Court to consider in determining whether to certify an interlocutory appeal. These factors are, as follows:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
> (B) The decisions of the trial courts are conflicting upon the question of law;
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
> (G) Review of the interlocutory order may terminate the litigation; or
> (H) Review of the interlocutory order may serve considerations of justice.[4]

---

[2] Supr. Ct. R. 42(b)(ii).

[3] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 686 A.2d 1015, 1016 (Del. 1997).

[4] Supr. Ct. R. 42(b)(iii)(A–H).

Additionally, the Court is to consider the most efficient and just schedule to resolve the case, and whether the likely benefits of interlocutory review outweigh the probable costs such that interlocutory review is in the interest of justice.[5] If the "balance of the Court's analysis is uncertain," the Court should not certify the interlocutory appeal.[6]

The Court must first determine if the April 5 Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[7] According to the Delaware Supreme Court,

> [An order denying a motion to dismiss on *forum non conveniens* grounds] determines that the Plaintiff shall be protected in the exercise of his ordinary right to choose the forum of his action; and it deals with the Defendant's right to a fair and just trial of his defenses to the action in a proper forum. Necessarily intertwined with the determination of such legal rights is the determination of issues which are substantial because they relate to such important rights.[8]

Therefore, this Court concludes that the April 5 Opinion decided a substantial issue of material importance.[9]

However, after considering the eight factors under Rule 42(b)(iii), and the remainder of the Rule 42 analysis, certification for interlocutory review is not

---

[5] Supr. Ct. R. 42(b)(iii).
[6] *Id.*
[7] Supr. Ct. R. 42(b)(i).
[8] *States Marine Lines v. Domingo*, 269 A.2d 223, 225 (Del. 1970).
[9] *See id.* at 225-26 (holding that an order denying a motion to dismiss was appealable because it established substantial legal rights and determined substantial issues, but ultimately affirming the trial court's decision to deny the motion to dismiss).

5

appropriate in this case. Only one of the factors under Rule 42(b)(iii) may weigh in favor of certification; specifically, per Rule 42(b)(iii)(G), review of the April 5 Opinion could terminate the litigation if the Supreme Court ultimately concluded that this Court should have dismissed the action on the grounds of *forum non conveniens*. Nevertheless, the remaining factors under Rule 42(b)(iii) weigh against certification.

The April 5 Opinion did not involve an issue of first impression in this State.[10] Trial courts are not conflicted about the question of law raised in the April 5 Opinion,[11] as the standard for dismissal for *forum non conveniens* is well-settled.[12] The question of law did not relate to the constitutionality, construction, or application of a statute.[13] The April 5 Opinion did not sustain the controverted jurisdiction of the trial court, as the parties do not dispute that this Court has

---

[10] Supr. Ct. R. 42(b)(iii)(A). Defendant argues that the April 5 Opinion did involve a novel question of law because the underlying litigation potentially implicates an issue of first impression under Mississippi law. However, the Rule 42(b)(iii)(A) factor addresses whether the opinion itself involved a novel question of Delaware law, not whether the litigation in general may raise novel questions of law. The question of law at issue in the April 5 Opinion was whether dismissal on the grounds of *forum non conveniens* should be granted or denied, and the *forum non conveniens* standard is not a question of first impression in Delaware. Therefore, this factor does not weigh in favor of certification.

[11] Supr. Ct. R. 42(b)(iii)(B).

[12] *See, e.g., Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102 (Del. 2014).

[13] Supr. Ct. R. 42(b)(iii)(C).

jurisdiction in this case.[14] The April 5 Opinion did not set aside a prior decision of a trial court, jury, or administrative agency.[15] The April 5 Opinion did not vacate or open a judgment of the trial court.[16] Additionally, the Court does not find that the likely benefits of interlocutory review of the April 5 Opinion outweigh the probable costs.[17] Therefore, interlocutory review is not in the interest of justice.[18]

Upon consideration of the criteria set forth under Rule 42, there are no exceptional circumstances to warrant interlocutory review.[19] Indeed, Delaware courts routinely conclude that that exceptional circumstances do not exist to warrant interlocutory review of decisions denying a motion to dismiss on *forum non conveniens* grounds.[20] Accordingly, the Court concludes that Defendant's Application for Certification of Interlocutory Appeal should be denied.

---

[14] Supr. Ct. R. 42(b)(iii)(D).
[15] Supr. Ct. R. 42(b)(iii)(E).
[16] Supr. Ct. R. 42(b)(iii)(F).
[17] Defendant argues that the costs associated with having duplicative proceedings weigh in favor of interlocutory review. However, the Delaware Action was first-filed. Defendant should not be able to create a situation in which there are duplicative proceedings, and then rely on that fact to justify dismissal. Therefore, any costs associated with the possibility of duplicative proceedings do not weigh in favor of certification.
[18] Supr. Ct. R. 42(b)(iii)(G).
[19] Supr. Ct. R. 42(b)(ii); s*ee also Harrison v. Div. of Youth & Family Servs.*, 2003 WL 22669344, at *1 (Del. Nov. 10, 2003) ("Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in extraordinary cases.").
[20] *See, e.g., Berman Real Estate Development, INc. v. Berdel, Inc.*, 670 A.2d 1336 (Del. 1995); *American Manufacturers Mut. Ins. Co. v. Monsanto Co.*, 553 A.2d 638 (Del. 1988); *Aveta, Inc. v. Olivieri*, 2008 WL 4215973 (Del. Super. 2008);

### B.    PLAINTIFF'S MOTION FOR COMMISSION

Defendant contends that discovery should remain stayed pending the outcome of its interlocutory appeal, further delaying resolution of Plaintiff's Motion for Commission.  However, this Court has discretion to decide whether to stay discovery during an appeal.[21]  The circumstances of this case do not warrant a stay of discovery during Defendant's appeal.  Therefore, the stay on discovery shall be lifted.

Defendant also argues Plaintiff's Motion for Commission seeks broad discovery from a third party that Plaintiff could obtain through less burdensome means.  However, Defendant has not established that it would be unduly burdened by Plaintiff's efforts to obtain the production of documents from a third party. Therefore, Plaintiff's Motion for Commission will be granted.

**NOW, THEREFORE, this 30th day of April, 2018, Defendant's Application for Certification of Interlocutory Appeal is hereby DENIED; Plaintiff's Motion for the Issuance of a Commission for Subpoena is hereby GRANTED.  The Stay on Discovery imposed on February 8, 2018 is hereby LIFTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[21] *Hughes v. TransWorld Airlines, Inc.*, 185 A.2d 886, 888 (Del. 1962) (providing that the court should refuse to stay proceedings where the appellant's case has no merit).