## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN HENRY and DARLENE HENRY, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N18C-03-092 ALR |
| THE CINCINNATI INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: May 10, 2021
Decided: May 13, 2021

*Upon Application for Certification of Interlocutory Appeal by
Horizon Services, Inc. and Eastern Alliance Insurance Company*
**DENIED**

## ORDER

This Court issued a Memorandum Opinion on April 19, 2021 denying the Motion to Intervene filed by Horizon Services, Inc. and Eastern Alliance Insurance Company. Specifically, this Court found that there is no statutory right of recovery for a worker's compensation lien against UIM insurance coverage; that a worker's compensation carrier has no right to intervene pursuant to Rule 24(a); and that where, as here, there is no right to recovery, intervention would be futile and distracting.

The third parties who sought intervention, Horizon Services, Inc. and Eastern Alliance Insurance Company, filed a timely application for certification of

interlocutory appeal on April 29, 2021 ("Application"). The Application is opposed by the parties in this lawsuit,[1] who also opposed intervention. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; decisional law; the Superior Court Rules of Civil Procedure; the Rules of the Delaware Supreme Court; and the entire record in this case, the Court hereby finds as follows:

1.      Supreme Court Rule 42 ("Rule 42") governs the certification of interlocutory appeals. Rule 42 states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2]   Rule 42 also provides that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[3]

---

[1] Rule 42(c)(ii) of the Delaware Supreme Court Rules requires that any response to a request for certification be filed within ten days unless a shorter response time is set by the trial court. *See* Supr. Ct. R. 42(c)(ii). This Court requested any responses within ten days. Plaintiffs and Defendant State Farm Automobile Insurance Company filed timely responses in opposition. The Cincinnati Insurance Company joined both responses in opposition; however, the response was not filed within ten days. Therefore, the Court did not consider the untimely response filed by The Cincinnati Insurance Company.
[2] Supr. Ct. R. 42(b)(i).
[3] Supr. Ct. R. 42(b)(ii).

Furthermore, "[t]he decision to grant interlocutory review is discretionary and highly case-specific."[4]

    2.      Rule 42(b)(iii) requires consideration of several factors for the Court in determining whether to certify an interlocutory appeal. These factors are, as follows:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
>
> (G) Review of the interlocutory order may terminate the litigation; or

---

[4] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 686 A.2d 1015, 1016 (Del. 1997).

(H) Review of the interlocutory order may serve considerations of justice.[5]

Additionally, the Court is to consider the most efficient and just schedule to resolve the case, and whether the likely benefits of interlocutory review outweigh the probable costs such that interlocutory review is in the interest of justice.[6] If the "balance of the Court's analysis is uncertain," the Court should not certify the interlocutory appeal.[7]

3. The Court finds that appellate review is not merited at this time. A substantial issue of material importance was not addressed by this Court's April 19 Memorandum Opinion. The costs and delay of interlocutory appeal will be substantial and disruptive. In addition, consideration of the factors set forth in Rule 42(b)(iii) weigh against certification, as follows:

(A) This Court's April 19 Memorandum Opinion did not involve a question of law resolved for the first time in this State.[8] Indeed, this Court's April 19 Memorandum Opinion applied well-settled decisional law that a workers'

---

[5] Supr. Ct. R. 42(b)(iii)(A)–(H).
[6] Supr. Ct. R. 42(b)(iii).
[7] *Id.*
[8] Super. Ct. R. 42(b)(iii)(A).

compensation carrier does not have a lien against proceeds recovered for UIM benefits.[9]

(B) There are no conflicting trial court opinions about the question of law addressed in this Court's April 19 Memorandum Opinion.[10]

(C) The question of law addressed in this Court's April 19 Memorandum Opinion does not relate to the constitutionality of a statute of this State. While this Court's April 19 Memorandum Opinion addressed statutory construction and application, it is not necessary for the Delaware Supreme Court to address the legal issues which are the subject of this Court's April 19 Memorandum Opinion in advance of an appeal from a final order.[11]

(D) This Court's April 19 Memorandum Opinion did not sustain the controverted jurisdiction of the Court.[12] Neither the parties nor the third parties who sought intervention challenged the jurisdiction of this Court.

(E) This Court's April 19 Memorandum Opinion did not set aside a prior decision of a trial court, jury, or administrative agency.[13]

---

[9] *See Adams v. Delmarva Power & Light Co.*, 575 A.2d 1103 (Del. 1990); *Simendinger v. Nat'l Union Fire Ins. Co.*, 74 A.3d 609 (Del. 2013).
[10] Super. Ct. R. 42(b)(iii)(B).
[11] Super. Ct. R. 42(b)(iii)(C).
[12] Super. Ct. R. 42(b)(iii)(D).
[13] Super. Ct. R. 42(b)(iii)(E).

(F) This Court's April 19 Memorandum Opinion did not vacate or open a prior judgment of the trial court.[14]

(G) Review by the Delaware Supreme Court of this Court's April 19 Memorandum Opinion will not terminate the litigation.[15] Rather, interlocutory review of this Court's April 19 Memorandum Opinion would instead further complicate this litigation.

(H) This Court does not find that the likely benefits of interlocutory review of this Court's April 19 Memorandum Opinion outweigh the probable costs. Therefore, interlocutory review by the Delaware Supreme Court of this Court's April 19 Memorandum Opinion would not serve considerations of justice.[16]

4.      Upon consideration of the criteria set forth under Rule 42, this Court finds that there are no exceptional circumstances to warrant interlocutory review.[17] Further, review of this Court's April 19 Memorandum Opinion will not terminate the litigation, substantially reduce further litigation, or otherwise serve

---

[14] Super. Ct. R. 42(b)(iii)(F).
[15] Super. Ct. R. 42(b)(iii)(G).
[16] Super. Ct. R. 42(b)(iii)(H).
[17] Supr. Ct. R. 42(b)(ii). *See also Harrison v. Div. of Youth & Fam. Servs.*, 2003 WL 22669344, at *1 (Del. Nov. 10, 2003) (TABLE) ("Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in extraordinary cases.").

considerations of justice.[18]  To the contrary, interlocutory review of this Court's April 19 Memorandum Opinion would substantially increase the costs and burden of litigation.

5.      Moreover, there are other avenues of relief for Horizon Services, Inc. and Eastern Alliance Insurance Company other than intervening in this litigation. For example, pursuing a separate declaratory judgment action will be less burdensome to the parties in this action.

6.      Accordingly, the Court concludes that application for certification of interlocutory appeal filed by Horizon Services, Inc. and Eastern Alliance Insurance Company should be denied.

**NOW, THEREFORE, this 13th day of May 2021, the Application for Certification of Interlocutory Appeal filed by Horizon Services, Inc. and Eastern Alliance Insurance Company is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[18] Super. Ct. R. 42(b)(iii)(E).